## PENNSYLVANIA DIAMOND DRILL Co. *v.* SIMPSON *et al.*

*(Circuit Court, W. D. Pennsylvania.    June 13, 1889.)*

**PATENTS FOR INVENTIONS—INJUNCTION—CONTEMPT.**
    Where, upon motion after final decree in favor of the plaintiff in a patent cause for an attachment against the defendant for contempt, it appears that the device, the use of which is alleged to be a violation of the injunction, is made under a patent granted since the decree, and it is not obvious that the differences between it and the plaintiff's device are colorable or immaterial, and the question of infringement thus raised is new, and demands an inquiry into the state of the art prior to the plaintiff's patent, and also involves the construction of the claim of that patent,—the motion will be denied, and the plaintiff left to assert his rights by an original suit.

*Sur* motion for an attachment against the defendants for contempt, in violating the injunction granted at final hearing.

*G. G. Frelinghuysen*, for the motion.
*Edwin T. Rice*, *contra*.

ACHESON, J.    The claim of the patent sued on (the Frisbee patent) is in these words:

"The combination, operating substantially as described, of an annular core-lifter and a tube or ring constructed with a tapering recess in its inner surface."

The described operation is this:

"In operation, as the bit excavates the rock and the core enters D, [*i. e.*, the core-lifter,] the latter first becomes stationary on the core, and is then forced over it by the shoulder of the recess, C, the tube, B, revolving round D till the required depth is reached.    When the drill-rod is withdrawn, D is forced towards the small end of the recess, clamping the core more firmly as the tube, B, recedes, until it detaches the core from the solid rock."

The court has heretofore adjudged that the defendants infringed this patent by the use of the Case Core-Lifter, in which the court found a combination substantially the same as Frisbee's, operating substantially in the manner described in his patent.    Upon reference to the opinion of the court (29 Fed. Rep. 288) it will appear that this decision was put, not simply upon the ground that the two devices, when in position to act as core-lifters, operated in the same way, but in part upon the additional facts that during the operation of boring each device clasped or hugged the core, and was forced over it by the shoulder of the recess; that in each the tubular rod revolved freely around the core-lifter until the desired depth was reached; and that each was wedged tightly in the tapering recess by the upward pull of the drill-rod.    But the core-lifter

now employed by the defendants, and the use of which, the plaintiff insists, is a violation of the injunction, is a device described in and covered by letters patent subsequently granted to Albert Ball, being No. 366,913, dated July 19, 1887, upon application filed November 13, 1886. In mode of operation this latter device differs from the Frisbee core-lifter, and also from the Case device, in two particulars: *First.* During the work of boring, the Ball device does not embrace or come in contact with the core, but by an outward spring pressure clings to the tube or core-barrel, and partakes of its rotary motion. *Secondly.* The Ball core-lifter is not forced towards the small end of the recess by the withdrawal of the drill-rod, but is driven into the conical chamber, and thus made to grasp the core by hydraulic devices brought into action by the operator in charge of the boring machine. Now, I am not prepared to declare that these differences are colorable or immaterial. They are not obviously so. The decision of the question of infringement, here for the first time raised, demands an inquiry into the state of the art prior to Frisbee's invention, and involves, too, the construction of the claim of his patent as limited by the phraseology "operating substantially as described." In cases of this kind a motion for an attachment is not granted unless the violation of the injunction is plain and free from doubt, (*Refrigerating Co.* v. *Eastman,* 11 Fed. Rep. 902; *Smith* v. *Halkyard,* 19 Fed. Rep. 602,) and upon the whole I am of opinion that the question whether Ball's patented device infringes the Frisbee patent ought not to be determined upon such a motion as this, but only by an original suit. *Pump Co.* v. *Manufacturing Co.,* 31 Fed. Rep. 292. And now, June 13, 1889, the motion for an attachment for contempt is denied, without prejudice to any suit the plaintiff may bring to test the question of infringement involved in this motion.